in that he "exercised his discretion not to deny a female person known to the Grand Jury, conjugal visits with her husband, who was incarcerated at the Clinton Correctional Facility".

Defendant had no authority to grant or deny conjugal visits to the complainant as alleged in the indictment. Defendant's duties were narrowly confined by Correctional Services Directive No. 4500, III (B) (5-7) to meeting with family members in their home to obtain verification of their relationship to the inmate, explaining the family reunion program, obtaining any information requested by his superiors, and forwarding a form containing the required information to the area coordinator of the Family Reunion Program. Defendant had no actual or apparent authority to make any recommendations whatsoever regarding conjugal visits. He simply gathered information upon which his superiors granted or denied requests for conjugal visits. Hence, defendant could not be indicted for exercising discretion he did not have.

The People's reliance upon cases holding that a defendant need only possess the "color of authority" to act (see, e.g., People v Jackson, 191 NY 293; People v Dunbar, 58 AD2d 329) is misplaced. In each of the cases relied upon, the defendant was performing "a function belonging to his office" (People v Jackson, supra, p 300; cf. People v Rossi, 69 AD2d 778, affd on mem below 50 NY2d 813) and had at least delegated authority to perform the act which was the subject of the indictment. This is not the case here because defendant lacked authority to exercise discretion not to deny conjugal visits as alleged in the indictment. (Appeal from order of Onondaga County Court, Mordue, J.—dismiss indictment.) Present—Doerr, J. P., Denman, Green, Pine and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL BUCCI, Respondent. (Appeal No. 1.)—Sentence unanimously vacated, on the law, and defendant remanded to Supreme Court, Onondaga County, for resentencing. Memorandum: The court erred in sentencing defendant to a period of intermittent incarceration in excess of four months for one crime and, at the same time, sentencing him to a term of probation for another crime (Penal Law § 65.00 [1]; § 60.01 [2] [d]). (Appeal from sentence of Supreme Court, Onondaga County, Gorman, J.—improper sentence.) Present—Doerr, J. P., Denman, Green, Pine and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL BUCCI, Respondent. (Appeal No. 2.)—Appeal unani-

mously dismissed as moot. *(See, mem in People v Bucci* [Appeal No. 1], 122 AD2d 562.) (Appeal from order of Supreme Court, Onondaga County, Gorman, J.—motion to vacate sentence.) Present—Doerr, J. P., Denman, Green, Pine and Schnepp, JJ.

■ JOHN W. CLANCY, Respondent, v CHRISTINE M. CLANCY, Appellant.—Order unanimously affirmed, without costs. Memorandum: Defendant wife appeals from so much of an order of Special Term as denied her application for temporary maintenance pending divorce proceedings. Defendant claims that the court erred in failing to set forth each of the factors it considered pursuant to Domestic Relations Law § 236 (B) (6) (a), (b). We disagree. These factors do not govern temporary maintenance applications *(see, Belfiglio v Belfiglio,* 99 AD2d 462; *Berley v Berley,* 97 AD2d 726, 727; *Liss v Liss,* 87 AD2d 681, 682). On this record, Special Term did not abuse its discretion in denying defendant's application because the parties were married less than a month prior to their separation and defendant is able to support herself. In affirming, we reiterate our prior holdings that the remedy for any claimed inequity in an award of temporary maintenance is a speedy trial, not an appeal *(Cloutier v Cloutier,* 94 AD2d 974; *Kunerth v Kunerth,* 58 AD2d 1010; *Vesper v Vesper,* 46 AD2d 729). (Appeal from order of Supreme Court, Monroe County, Bergin, J.—temporary maintenance.) Present—Doerr, J. P., Denman, Green, Pine and Schnepp, JJ.

■ TRUAX & HOVEY, LTD., Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant.—Judgment unanimously affirmed, without costs. Memorandum: Defendant contends that the court erred in finding that it was required to defend and indemnify plaintiff in an action against plaintiff for damages to a house caused by urea formaldehyde insulation which plaintiff had to remove and replace. Defendant asserts that this action fell within exclusion (p) of its policy with plaintiff. Exclusion (p) provides that the insurance policy does not apply: "(p) to damages claimed for the withdrawal, inspection, repair, replacement or loss of use of the named insured's products or work completed by or for the named insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein."

That exclusion, known as a sistership clause, is designed to exclude from coverage those losses caused by withdrawal of