■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRKLAND McINTYRE, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered November 17, 1986, convicting defendant upon his plea of guilty of two counts of the crime of forgery in the second degree.

In April 1986, defendant was indicted for seven counts of the crime of forgery in the second degree. Defendant subsequently pleaded guilty to two counts of the indictment in full satisfaction of the charges against him. As part of the plea bargain, it was agreed that defendant would receive a term of imprisonment of 1 to 3 years on the first count and a concurrent term of five years' probation on the second count. Defendant was sentenced in compliance with the agreement. He has served a term of imprisonment and is currently on parole. On this appeal, defendant challenges the validity of the sentence of probation.

When a court sentences a defendant for more than one crime and one of the crimes is a felony for which a sentence of imprisonment in excess of six months is imposed, it cannot also sentence him to a term of probation for another crime (Penal Law § 65.00 [1] [b]; § 60.01 [2] [d]; *see, People v Bucci,* 122 AD2d 562; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 65.00, at 168-169). Here, defendant received a sentence of 1 to 3 years' imprisonment for his plea of guilty to one count of the crime of forgery in the second degree, a class D felony. He also received a term of probation for his plea of guilty to the second count of forgery in the second degree. The sentence imposed was not within the sentencing power of County Court. The fact that the sentence was part of a negotiated plea is of no moment *(see, People v Montgomery,* 115 AD2d 102, 103). Consequently, the sentence of probation must be vacated.

Judgment modified, on the law, by vacating the sentence of probation imposed on the second count of the indictment, and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.