■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CURKENDALL, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 27, 1987, convicting defendant upon his plea of guilty of the crime of vehicular assault in the second degree and operating a motor vehicle while under the influence of alcohol.

On September 26, 1986, after consuming several beers and glasses of whiskey, defendant was involved in an auto accident when he failed to observe an intersection stop sign and collided with another car, causing serious personal injuries to a passenger. Defendant pleaded guilty to vehicular assault in the second degree, a class E felony, receiving a sentence of five years' probation and reparation of $5,000 to the victims. He also pleaded guilty to driving while intoxicated, a class A misdemeanor, receiving a sentence of one year in jail and a $500 fine. On this appeal, defendant challenges the legality of the sentence.

When, as here, a court sentences a defendant for more than one crime, a sentence of imprisonment may be coupled with a sentence of probation but only within the limitations set forth in Penal Law § 60.01 (2) (d) (see, Penal Law § 65.00 [1]). By imposing a sentence in excess of 60 days on the misdemeanor concomitantly with a sentence of 5 years' probation for the felony conviction, County Court failed to comply with the statutory proscriptions (see, People v Bucci, 122 AD2d 562). The error is further compounded by the fact that the sentencing terms emanated from the negotiated plea agreement. Any conditions of a plea agreement, however, must be lawful (People v Selikoff, 35 NY2d 227, 238, cert denied 419 US 1122). Since the negotiated terms of sentence were statutorily unauthorized, the underlying plea agreement was invalid from its inception (supra; see, People v Felman, 137 AD2d 341; see also, People v Montgomery, 115 AD2d 102, 103). Under these circumstances, we deem it appropriate to vacate defendant's plea of guilty and remit the matter for further proceedings on the indictment (supra).

Judgment reversed, as a matter of discretion in the interest of justice, guilty plea vacated, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Yesawich, Jr., Harvey and Mercure, JJ., concur.