THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. CERILLI, Appellant.

Second Department, October 28, 1991

APPEARANCES OF COUNSEL

*Feldman & Feldman (Steven A. Feldman* of counsel), for appellant.

*William V. Grady, District Attorney (Bridget Rahilly Stellar* of counsel), for respondent.

OPINION OF THE COURT

MANGANO, P. J.

The question to be answered on this appeal is whether the sentence of probation imposed upon the defendant violated Penal Law § 65.00, and was thus illegal. This question must be answered in the negative. By superior court information 198/89, the defendant was charged with the crime of criminal possession of a forged instrument in the second degree and by superior court information 320/89, he was charged with the crime of criminal possession of a controlled substance in the fifth degree.

As part of a plea bargain, the defendant was promised a definite term of one-year imprisonment under superior court information 198/89, charging him with criminal possession of a forged instrument in the second degree, and five years' probation on the count under superior court information 320/89, charging him with criminal possession of a controlled substance in the fifth degree, both sentences to run concurrently.

On the instant appeal, the defendant argues that the sentence of probation was illegal and that his plea should therefore be vacated. Specifically, the defendant relies on Penal Law § 65.00 (1) which provides, insofar as is relevant herein, that when a court sentences a defendant for more than one crime and one of the crimes is a felony for which a sentence of imprisonment in excess of six months is imposed, it cannot also sentence him to a term of probation for another crime.

Although there are precedents for this principle from the Appellate Divisions in the Third and Fourth Departments *(see, e.g., People v McIntyre,* 135 AD2d 920; *People v Curkendall,* 141 AD2d 891; *People v Jackson,* 144 AD2d 1031), these cases involve convictions of more than one crime which arise out of one accusatory instrument. In this respect, these cases reflect the language of the statute which provides: "the court shall not * * * impose a sentence of probation *in any case* where it sentences a defendant for more than one crime and imposes a sentence of imprisonment for any one of the crimes" (Penal Law § 65.00 [1] [b] [emphasis supplied]). We find that the word "case" in this statute refers to a criminal action which is commenced by the filing of an accusatory instrument *(see,* CPL 1.20 [1], [16]). Further support for this analysis can be found in CPL 380.20 which provides: "The court must pronounce sentence in every *case* where a conviction is entered. If

an *accusatory instrument* contains multiple counts and a conviction is entered on more than one count the court must pronounce sentence on each count" (emphasis supplied). In contrast, in the matter at bar, there were two accusatory instruments filed against the defendant and, accordingly, the statute relied on by the defendant does not bar a sentence of probation on the second accusatory instrument.

To the extent that the decision of the Appellate Division, Third Department, in *People v Latzen* (165 AD2d 913) can be construed as holding to the contrary, we respectfully decline to follow it.

Accordingly, the judgments of conviction are affirmed.

KOOPER, LAWRENCE, ROSENBLATT and COPERTINO, JJ., concur.

Order that the judgments are affirmed.