■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST S. FURNIA, Appellant. [636 NYS2d 488] —White, J. Appeal from a judgment of the County Court of Clinton County (Main, Jr., J.), rendered November 25, 1994, convicting defendant upon his plea of guilty of the crimes of endangering the welfare of a child, criminal impersonation in the second degree (three counts), sexual abuse in the first degree (two counts) and sexual abuse in the second degree.

As the result of various incidents with seven young women, defendant pleaded guilty to one count of endangering the welfare of a child, three counts of criminal impersonation in the second degree, two counts of sexual abuse in the first degree and one count of sexual abuse in the second degree in satisfaction of a 17-count indictment. He was sentenced to one year in jail for each crime, except for one count of sexual abuse in the first degree for which he was sentenced to five years' probation, the first 180 days of which were to be served in jail. All jail time was to run concurrently. In addition, County Court imposed a fine upon defendant for each crime, which fines totaled $15,000. Defendant asserts that County Court violated Penal Law § 60.01 (2) (d) and § 65.00 (1) (b) in sentencing him to probation for one of the crimes and failed to comply with Penal Law § 80.00 (1) (c) in imposing the subject fines.

Initially, inasmuch as County Court sentenced defendant to a five-year term of probation for one crime in conjunction with

concurrent one-year jail terms for the other crimes, we find that the sentence violates the provisions of Penal Law § 60.01 (2) (d) and § 65.00 (1) (b) (*see, People v Sibley*, 81 NY2d 870; *People v Cerilli*, 80 NY2d 1016; *People v McIntyre*, 135 AD2d 920). Accordingly, that part of the sentence ordering probation must be vacated (*see, People v Sibley, supra*, at 871). With respect to the fines, defendant's argument predicated upon Penal Law § 80.00 (1) (c) is misplaced since the requirements therein are only applicable to convictions for various felony drug offenses (*see,* Donnino, 1996 Supp Practice Commentaries, McKinney's Cons Law of NY, Book 39, Penal Law § 80.00, 1996 Pocket Part, at 175).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence of probation imposed on the 16th count of the indictment, and, as so modified, affirmed.