the part of County Court (*see, People v Reid*, 224 AD2d 728, 729). Accordingly, it will not be disturbed.

Mikoll, J. P., Casey, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON J. SANTOS, Appellant. [649 NYS2d 849] —Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 24, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the second degree in satisfaction of an outstanding traffic charge and a two-count indictment charging him with criminal possession of a controlled substance in the first degree and criminal impersonation. The plea was entered with the express understanding that defendant would be sentenced to a prison term of 7 years to life. Having been sentenced in accordance with the plea agreement, defendant appeals contending that his sentence is harsh and excessive.

We find unavailing defendant's contention that the agreed-upon sentence, which is within the statutory guidelines and more favorable than the $8^1/3$ years to life prison term originally offered to him, is harsh and excessive. Defendant has shown neither extraordinary circumstances nor an abuse of County Court's discretion to warrant modification of this sentence in the interest of justice (*see, e.g., People v Gaddy*, 191 AD2d 735, 736, *lv denied* 82 NY2d 718); accordingly, we decline to disturb it.

Cardona, P. J., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. CLINCH, Appellant. [650 NYS2d 324] —Appeal from a judgment of the County Court of Saratoga County (Eidens, J.), rendered June 6, 1995, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

Defendant was charged with the crimes of attempted murder in the first degree (five counts), attempted murder in the second degree (three counts), reckless endangerment in the first degree and criminal possession of a weapon in the fourth degree (three counts). The indictment alleged that in August 1994, in the course of a domestic dispute to which police officers had been summoned, defendant discharged a firearm directly at several State Troopers and personnel from the Saratoga County Sheriff's Department. Pursuant to a plea bargain,

defendant pleaded guilty to one count of the crime of attempted murder in the second degree in exchange for an agreed-upon prison sentence of 10 to 20 years. At the plea hearing, County Court expressed doubt regarding the legality of the sentence and informed defendant and his counsel that in the event that the sentence of 10 to 20 years was determined to be inappropriate prior to the sentencing hearing, the "Court would be under no obligation to impose any sentence that would be reduced from the ten to twenty".

Because it was subsequently determined that the original sentence was not authorized,* County Court gave defendant the opportunity to withdraw his guilty plea and proceed to trial or to plead guilty and be sentenced to a prison term of $8^1/_3$ to 25 years. Defendant opted to plead guilty and accepted the sentence proffered by the court.

Defendant nonetheless appeals, contending that County Court could not legally increase the maximum prison sentence agreed to in the original plea bargain agreement from 20 to 25 years. We disagree. In cases where the sentence negotiated at the pleading stage of the case was unauthorized, the underlying plea agreement is deemed void *ab initio* (*see, People v Curkendall*, 141 AD2d 891) and the defendant is entitled either to vacate his plea and proceed to trial or to enter a new plea bargain (*see, People v Selikoff*, 35 NY2d 227, 238, *cert denied* 419 US 1122). In this case, defendant chose the latter course and may not now be heard to object to the agreed-upon sentence. We conclude that the proceedings conducted by County Court were in conformance with both the law and the interest of justice and we accordingly affirm.

Cardona, P. J., Mikoll, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* The confusion in this matter was engendered by the fact that when the sentencing hearing was held in August 1994, the crime of attempted murder in the second degree was not a class B armed felony offense for which a minimum sentence of one half of the maximum sentence was authorized. Pursuant to a subsequent amendment to Penal Law § 70.02 (4), such a sentence is now mandated for offenses committed on or after October 1, 1995.