■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SHIELDS, Appellant. [656 NYS2d 486] —Carpinello, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered April 1, 1996, which imposed a sentence of imprisonment for failure to pay fines imposed in a judgment of conviction.

On March 6, 1995, defendant was convicted upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree and was sentenced to a term of five years' probation. He was also convicted upon a plea of guilty of the crime of driving while intoxicated and was sentenced to one year in jail. County Court imposed $1,655 in fines, fees and surcharges (hereinafter collectively referred to as the fines) for the two convictions which were made a requirement of the sentences as well as a condition of probation.

On January 31, 1996, the Probation Department filed a violation of probation petition alleging that defendant had violated several terms of his probation, including a failure to pay the fines. Defendant moved pursuant to CPL 440.20 to vacate the sentence of probation and dismiss the violation petition. County

Court granted the motion and modified the sentence by vacating the sentence of probation and dismissing the violation petition (*see, People v Furnia*, 223 AD2d 887). As to the unpaid fines, County Court directed defendant to show cause why he should not be dealt with in accordance with CPL 420.10 (3)—imprisonment for failure to pay a fine. A hearing was held on April 1, 1996, at which time defendant was present, represented by counsel, and testified on his own behalf. County Court rejected defendant's claim that he had not paid the fines because he had been unable to obtain regular or gainful employment and directed that defendant be imprisoned until the fines were satisfied, with the maximum period of incarceration not to exceed one year. County Court's decision was based upon defendant's testimony that he had been released from jail on the subject convictions on August 30, 1995, had been receiving both food stamps and public assistance, the latter paying his rent, utilities and a cash stipend, and had worked part time but had paid nothing toward his fines. This appeal ensued.

Defendant contends, *inter alia*, that County Court was not authorized to imprison him for failure to pay the fines because he was never advised during his original sentencing that he could be imprisoned for such a failure. We disagree.

Defendant relies on that portion of CPL 420.10 (3) which provides that "[w]here the court imposes a fine * * * the sentence may provide that if the defendant fails to pay the fine * * * in accordance with the direction of the court, the defendant must be imprisoned until the fine * * * is satisfied". We do not read that sentence to require every sentencing court to warn a defendant that a failure to pay a fine, imposed as a condition of sentence, may ultimately result in imprisonment. Said differently, while a failure to give such notice may prevent the sentencing court from imprisoning a defendant for failure to pay a fine without a hearing, it does not prohibit a sentencing court from requiring a defendant to show cause why his or her failure to pay a fine should not result in imprisonment.

In addition, having been sufficiently apprised of the subject of the April 1996 hearing and having been afforded an adequate opportunity to prepare and defend against the allegations, defendant was not denied due process. Insofar as defendant claims that he was not specifically advised that he had a right to apply for a resentencing if he was unable to pay his fines, we find that no error occurred because defendant's ability to pay was thoroughly explored at the April 1996 hearing.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.