(October 5, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY LA PARL, Appellant. [718 NYS2d 889] —Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered September 27, 1999, convicting defendant upon his plea of guilty of the crimes of endangering the welfare of a child and sexual abuse in the first degree.

Defendant waived indictment and pleaded guilty to a

superior court information charging him with sexual abuse in the first degree and endangering the welfare of a child. Pursuant to the plea agreement, defendant was promised a sentence of one year in jail for the count of endangering the welfare of a child and a concurrent sentence of six months in jail and five years' probation for the count of sexual abuse in the first degree. After denying defendant's request for youthful offender status, County Court imposed the agreed-upon sentence. Defendant now appeals.

We reject defendant's contention that County Court abused its discretion in denying his request for youthful offender treatment. A review of the sentencing transcript indicates that County Court made its determination after considering the appropriate factors, including the unfavorable information contained in the presentence report and defendant's prior criminal history as a juvenile (*see, People v O'Hanlon*, 252 AD2d 670, 672-673, *lv denied* 92 NY2d 951; *People v Bonilla*, 237 AD2d 672, 673). Thus, although this was defendant's first offense as an adult and despite the presence of other factors alleged to mitigate defendant's guilt, we perceive no basis upon which to conclude that the court abused its discretion in refusing to classify defendant as a youthful offender (*see, People v Longtin*, 272 AD2d 781, 782; *People v Myatt*, 248 AD2d 68, 69).

As for defendant's challenge to the legality of the sentence imposed, however, we are persuaded that County Court exceeded its authority in sentencing defendant to a term of probation. The People concede that the concurrent sentence of one year in jail and five years' probation was illegal, as County Court may not impose a sentence of probation on one conviction in conjunction with a concurrent term of incarceration exceeding six months on another conviction (*see,* Penal Law § 60.01. [2] [b]; § 65.00 [1] [b]). Accordingly, the sentence of probation must be vacated (*see, People v Furnia*, 223 AD2d 887, 887-888; *People v Latzen*, 165 AD2d 913, 914).

Mercure, J. P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by vacating so much thereof as imposed probation on count one of the superior court information, and, as so modified, affirmed.