674

Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 4, 2004, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with felony driving while intoxicated. He pleaded guilty to the charge and waived his right to appeal. He was sentenced in January 2001 to five years of probation, a condition of which was that he abstain from consuming alcohol. In April 2002, a declaration of delinquency was filed and defendant was charged with violating his probation after he was found to have ingested alcohol on more than one occasion. Thereafter, County Court vacated the declaration of delinquency, continued defendant on probation and sentenced him to 45 days of intermittent jail, following which he was to undergo 180 days of electronic home monitoring. After serving his jail time, defendant was found to have ingested alcohol and was again charged with violating his probation. Although County Court again found that defendant had violated his probation, it continued him on probation and sentenced him to 180 days in jail to be followed by 180 days of electronic home monitoring. He completed his electronic home monitoring without incident, but in April 2004 was charged a third time with violating his probation as a result of his continued use of alcohol. Upon his admission, County Court found him guilty of the violation, revoked his probation and resentenced him to 1 to 4 years in prison on the original felony charge. Defendant appeals.*

Turning first to defendant's challenge to the legality of the sentence, we note that Penal Law § 60.01 (2) (d) prohibits a court from sentencing a defendant, who has been convicted of a class E felony, to a term of incarceration exceeding six months and at the same time imposing a five-year period of probation (*see* Penal Law § 65.00 [3] [a] [i]; *People v Marinaccio*, 297 AD2d

* The District Attorney did not file a brief in this matter. We note that pursuant to County Law § 700 (1), district attorneys are obligated to provide a brief in opposition to a defendant's appeal unless they concede that the judgment should be reversed (*see People v Coger*, 2 AD3d 1279, 1280 [2003], *lv denied* 2 NY3d 738 [2004]; *People v Meade*, 195 AD2d 756, 757 [1993]). Our reversal here is based on the law and not on any implied concession of the District Attorney based on the failure to file the brief.

754, 755 [2002], *lv denied* 99 NY2d 560 [2002]; *People v La Parl*, 276 AD2d 814 [2000]; *People v Latzen*, 165 AD2d 913, 914 [1990]). Having continued defendant's probation and sentenced him to 45 days of intermittent jail time upon his first probation violation, County Court violated the statute by imposing an additional 180-day jail term in connection with his second probation violation while purportedly continuing his probation (*see e.g. People v Vardaro*, 124 AD2d 760, 761 [1986]). The court had no authority to continue defendant's probation after imposing more than 180 days of incarceration. Because defendant's probation should have terminated when the court sentenced him to 180 days, the court was without jurisdiction to find a violation of his already-terminated probation. Consequently, the judgment must be vacated and the probation violation petition dismissed.

Mercure, J.P., Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, by vacating the judgment and dismissing the violation of probation petition.

