■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN D. ANGE, Appellant. [829 NYS2d 378]—Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered January 15, 2004. The judgment convicted defendant, after a nonjury trial, of course of sexual conduct against a child in the first degree, rape in the second degree (three counts), sodomy in the second degree, endangering the welfare of a child and possessing a sexual performance by a child (six counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and six counts of possessing a sexual performance by a child (§ 263.16). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction because his motion to dismiss was not specifically directed at the ground advanced on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]). We conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We accord great deference to the resolution of credibility issues by the trier of fact "because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" (*People v Lane*, 7 NY3d 888, 890 [2006]).

Defendant failed to preserve for our review his additional contention that he was deprived of a fair trial by prosecutorial misconduct on summation and at sentencing (*see* CPL 470.05 [2]; *People v Gainey*, 34 AD3d 1250 [2006]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contentions of defendant, he was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Gorski, J.P., Lunn, Peradotto and Pine, JJ.