■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO BROADNAX, Appellant. [861 NYS2d 875]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 9, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). Defendant contends that the People committed a *Brady* violation by failing to provide him, prior to the commencement of the trial, with a copy of the statement of a potential witness concerning a conversation between defendant and his uncle that she overheard, wherein defendant stated that he acted in self-defense. We reject that contention. The record establishes that the defense had been provided with the statement given by defendant's uncle to the police indicating that defendant stated that he shot the victim after the victim pulled a knife on him. The statement of the potential witness thus did not constitute *Brady* material, because "[p]ossession of the statement[ ] would not have revealed any essential [exculpatory] information that the defense did not already know" (*People v LaValle*, 3 NY3d 88, 110 [2004]).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient with respect to the element of intent to commit the crime of murder in the second degree (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit. "Intent to kill may be inferred from defendant's conduct [and] the circumstances surrounding the crime" (*People v Price*, 35 AD3d 1230, 1231 [2006], *lv denied* 8 NY3d 926). Here, the People presented evidence establishing that defendant admitted to the police that he was at the location of the murder with the victim; a witness saw the victim engaged in a heated confrontation with another man immediately before hearing a gunshot; the victim died from a gunshot wound to the head, and the bullet was fired from the gun recovered from the apartment of defendant's uncle, where defendant was located by the police; and the victim's blood was on one of defendant's boots and on defendant's pants, and blood spatter evidence established that defendant was within several feet of the location of the victim at the time of the shooting. Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We also reject the contention of defendant that County Court

erred in denying his motion pursuant to CPL 330.30 (3) to set aside the verdict on the ground of newly discovered evidence. The court properly determined that the affidavit of defendant's uncle submitted in support of the motion, in which the uncle retracted both his grand jury testimony and his statement to the police that defendant had brought the gun to his apartment and instead asserted that he had found the gun on his way home from work, was "patently unbelievable." In any event, the evidence could have been produced at trial with the exercise of due diligence, and it was not of "such character as to create a probability that had such evidence been received at the trial the verdict would have been favorable to the defendant" (CPL 330.30 [3]; *see People v Wright*, 43 AD3d 1359, 1360 [2007], *lv denied* 9 NY3d 1011 [2007]). Present—Scudder, P.J., Hurlbutt, Smith, Green and Gorski, JJ.