■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWOIN HARRIS, Appellant. (Appeal No. 1.) [899 NYS2d 519]—

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered September 4, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from three judgments convicting him following a single nonjury trial of three counts of criminal contempt in the second degree (Penal Law § 215.50 [3]) arising from his three violations of an order of protection. We reject the contention of defendant that the evidence at trial is legally insufficient to establish that he intended to violate the order of protection. A copy of the no-contact order of protection, which was issued to defendant in court and signed by him, was admitted in evidence at trial, and the victim testified that defendant made threats to her on each of the three occasions that he contacted her in violation of the order of protection. Viewing that evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant knew of the existence of the order of protection and intentionally violated it (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Wright, 63 AD3d 1700, 1702 [2009]). Also contrary to defendant's contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although defendant denied the victim's allegations during his trial testimony, Supreme Court was entitled to credit the testimony of the victim over that of defendant (see People v Lane, 7 NY3d 888, 890 [2006]; People v Ange, 37 AD3d 1143, 1144 [2007], lv denied 9 NY3d 839 [2007]). "[T]hose who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" (Lane, 7 NY3d at 890), and it cannot be said that the court failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).

We reject the further contention of defendant that the misde-

meanor informations upon which he was prosecuted were jurisdictionally defective because they did not contain nonhearsay allegations that, if true, established his knowledge of the order of protection. A copy of the order of protection bearing defendant's signature was attached to the informations in appeal Nos. 1 and 2, and it is well settled that "a defendant's name on the signature line of an order of protection adequately supports an allegation that the defendant knew of the order's contents" (*People v Inserra*, 4 NY3d 30, 32 [2004]). Contrary to defendant's contention, the fact that the attached copies of the order of protection were not certified does not render the informations jurisdictionally defective (*see generally People v Casey*, 95 NY2d 354, 362-363 [2000]). Although a copy of the order of protection was not attached to the information in appeal No. 3, we nevertheless reject defendant's contention that the information was jurisdictionally defective (*see id.* at 359-360). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense," the information is sufficient to confer jurisdiction (*id.* at 360). The third information was signed by the victim, who alleged, inter alia, that the order of protection was issued to defendant in court. Even assuming, arguendo, that the victim's allegation is not based upon the victim's personal knowledge, we conclude that defendant's hearsay contention in appeal No. 3 does not implicate the court's jurisdiction and that defendant failed to preserve that contention for our review by a timely pretrial motion (*see id.* at 364; *see also People v Konieczny*, 2 NY3d 569, 575-576 [2004]).

Finally, we agree with defendant that the sentence imposed in appeal No. 3 is illegal insofar as it imposes a period of probation in addition to a term of incarceration of two years (*see* Penal Law § 60.01 [2] [d]; § 65.00 [former (1)]). We therefore modify the judgment in appeal No. 3 by vacating that part of the sentence imposing a period of probation (*see People v Furnia*, 223 AD2d 887, 887-888 [1996]). The sentence as modified is not unduly harsh or severe. Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.