■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. GAUTHIER, Appellant. [899 NYS2d 679]—

Stein, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered February 27, 2008, which revoked defendant's probation and imposed a sentence of imprisonment.

In January 2002, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with assault in the second degree, a class D felony (*see* Penal Law § 120.05). Defendant pleaded guilty and waived his right to appeal. Pursuant to the plea agreement, County Court (Nicandri, J.) placed defendant on interim probation in March 2002. After defendant violated his probation in July 2002, he was thereafter sentenced to 56 days time served and five years of probation. In March 2004, a declaration of delinquency was filed and defendant subsequently admitted to violating his probation. Defendant was thereafter resentenced to 180 days in jail, to run consecutively to a sentence from Ogdensburg City Court and probation was continued. Another declaration of delinquency was filed in May 2007. Following a hearing, County Court (Rogers, J.) found defendant to be in violation of his probation, revoked his probation and resentenced him to a term of six years in prison on the original felony charge, to be followed by three years of postrelease supervision. Defendant now appeals.[1]

Pursuant to Penal Law § 60.01 (2) (d), a court is prohibited from sentencing a defendant who has been convicted of a class D felony "to a term of incarceration exceeding six months and at the same time imposing a five-year period of probation" (*People v McClure*, 26 AD3d 674, 674 [2006]). Here, defendant contends, and the People concede, that County Court violated the statute by sentencing defendant to 180 days in jail and continuing his probation after having already sentenced him to 56 days in jail upon his first violation of probation. As the court lacked the authority to continue defendant's probation after imposing more than 180 days of incarceration (*see id.* at 675), we conclude that the judgment must be vacated and the probation violation petition dismissed. Defendant's remaining contentions are rendered academic in view of our determination herein.[2]

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur.

---

**1.** We note that, inasmuch as defendant is challenging the legality of his adjudication and sentence, such challenge is not precluded by his waiver of appeal (*see People v Laureano*, 87 NY2d 640, 643 [1996]).

**2.** To the extent that defendant requests permission in his reply brief to file a CPL article 440 motion in County Court with regard to a subsequent judgment of conviction rendered in May 2008, no such permission is required

Ordered that the judgment is reversed, on the law, and violation of probation petition dismissed.

as a CPL article 440 motion may be brought by defendant "[a]t any time after the entry of a judgment" (CPL 440.10 [1]).