■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS B. SIMCOE, Appellant. [904 NYS2d 622]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered December 19, 2008. The judgment convicted defendant, upon a nonjury verdict, of attempted murder in the first degree, attempted murder in the second degree, attempted assault in the first degree (three counts), assault in the second degree (two counts), assault in the third degree, criminal possession of a weapon in the fourth degree (two counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), for beating and choking his wife, and attempted murder in the first degree (§§ 110.00, 125.27 [1] [a], [b]), for attempting to stab a police officer who responded to a 911 call from defendant's son, defendant contends that the verdict on those two counts is against the weight of the evidence. Viewing the evidence in light of the elements of those counts in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although a finding that defendant did not intend to kill the victims would not have been unreasonable (*see generally id.*), it cannot be said that County Court, which saw and heard the witnesses and thus was able to " 'assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record,' " failed to give the evidence the weight it should be accorded (*People v Harris*, 72 AD3d 1492, 1492 [2010]). We note that the intent of defendant to kill the victims may be inferred from his actions (*see People v Broadnax*, 52 AD3d 1306, 1307 [2008], *lv denied* 11 NY3d 830 [2008]; *People v Switzer*, 15 AD3d 913, 914 [2005], *lv denied* 5 NY3d 770 [2005]). Those actions included choking his wife with a rope to the point of rendering her unconscious and fracturing her skull by repeatedly smashing her head on the hardwood floor, and then stabbing the responding police officer three times in the upper torso area. The fact that the officer was protected from injury by a bulletproof vest does not in any way negate defendant's intent to kill the officer, inasmuch as defendant did not know that the officer was so protected. We further note that, after smashing his wife's head on the floor and biting off a portion of his wife's lower lip, defendant yelled to his son, "come downstairs and see what I did to your mother." In addition, defendant refused to

allow the police to enter the house despite the fact that his wife was unconscious and struggling to breathe, thus further jeopardizing her life. Although defendant testified that he did not intend to kill either victim, the court was free to reject that self-serving testimony (*see generally Harris*, 72 AD3d at 1492).

Contrary to the further contention of defendant, he was not denied effective assistance of counsel. Defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to conduct an inquiry into the qualifications of the People's expert or to object to certain testimony (*People v Rivera*, 71 NY2d 705, 709 [1988]), and defendant was not otherwise deprived of assistance of counsel by the remaining alleged shortcomings of defense counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Walker*, 50 AD3d 1452, 1453 [2008], *lv denied* 11 NY3d 795 [2008], *denied reconsideration* 11 NY3d 931 [2009]). Considering the brutal nature of the crimes, as well as defendant's lack of remorse and failure to accept responsibility, we conclude that the sentence is not unduly harsh or severe.

We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are unpreserved for our review (*see* CPL 470.05 [2]), and in any event are without merit. Present—Smith, J.P., Fahey, Lindley, Sconiers and Green, JJ.