■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA PEAVEY, Appellant. [916 NYS2d 600]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered July 30, 2009, sentencing defendant to a term of one year for failing to pay restitution imposed in a prior judgment of conviction, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant received proper notice under CPL 420.10 (3) that she could be incarcerated if she failed to pay the full amount of court-ordered restitution. Although a subsequent restitution order made no mention of incarceration, and contained language to the effect that it superseded prior orders, that order was simply a payment schedule. It could not have been reasonably interpreted to mean that the possibility of incarceration for nonpayment had been removed. Moreover, the record establishes that throughout the extensive proceedings relating to restitution, defendant was aware of that possibility.

The payment schedule directed defendant to pay 15% of her income and submit tax records. This was clearly not intended to mean that so long as she did not have any reportable income, she would have no restitution obligation. Defendant could not have reasonably interpreted this provision as relieving her of the duty to make good faith efforts to earn sufficient income to pay the full amount of restitution.

Defendant did not preserve her claim that under CPL 420.10 (3) she was entitled to notice of her right to apply for resentencing, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. It is unnecessary to decide whether the statutory provision in question applies to restitution as well as fines. Even if the notice requirement applies to restitution, its purpose is to enable a defendant to obtain a hearing to determine his or her current ability to pay. Here, despite any lack of notice, defendant received such a hearing before a judicial hearing officer (JHO) at which the issue of defendant's ability to pay restitution was fully explored (*see People v Shields*, 238 AD2d 759, 760 [1997]).

When the court referred the matter to a JHO, the principal issue to be determined was defendant's capacity to pay restitution, and the scope of the hearing did not exceed the reference. There is no merit to defendant's contention that she was deprived of notice that the hearing would encompass the issue of whether she made good faith efforts to earn sufficient income. The JHO conducted a thorough hearing at which defendant had a full opportunity to litigate all relevant matters, including her claim that she misunderstood the restitution order and her efforts to find employment.

The JHO properly determined that defendant was avoiding her restitution obligation. In sentencing defendant for nonpayment, the court considered the JHO's findings as well as memoranda of law submitted by the parties, and there was no need for another hearing. The record supports the court's conclusion that defendant failed to make a good faith effort to find remunerative employment, or to follow up on potential opportunities. In particular, the evidence warrants the inference that defendant had an employment relationship with her boyfriend that was structured to avoid generating on-the-books income. Since defendant failed to make good faith efforts to acquire resources to pay restitution, there was no need for the court to consider an alternative to incarceration (*see People v Vasquez*, 74 AD3d 462 [2010]).

We have considered and rejected defendant's remaining statutory claims. Defendant's constitutional claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.