# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

893

KA 11-02264

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DEVINE WORTHY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 23, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the first degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a nonjury trial of two counts of criminal contempt in the first degree (Penal Law § 215.51 [c]) and one count of endangering the welfare of a child (§ 260.10 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, following the same nonjury trial, of two counts each of criminal contempt in the first degree (§ 215.51 [c]) and criminal contempt in the second degree (§ 215.50 [3]). All of the criminal contempt convictions arise from defendant's multiple violations of a no-contact order of protection issued for the benefit of his girlfriend, who is also the mother of his child. We reject defendant's contention that the evidence is legally insufficient to establish that he intended to violate the order of protection. A copy of the order of protection was served on defendant in court, where he was advised of its principal terms, including the meaning of "no-contact," and the evidence conclusively establishes that defendant violated the order of protection with respect to each count. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that "there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant knew of the existence of the order of protection and intentionally violated it" (*People v Harris*, 72 AD3d 1492, 1492, *lv denied* 15 NY3d 774; *see generally People v Bleakley*, 69 NY2d 490,

495).  Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that his interview with a Child Protective Services (CPS) caseworker was "so pervaded by governmental involvement" that it constituted state action in violation of his right to counsel (*People v Ray*, 65 NY2d 282, 286; *cf. People v Wilhelm*, 34 AD3d 40, 46-48; *People v Greene*, 306 AD2d 639, 640-641, *lv denied* 100 NY2d 594).  In any event, any error in admitting defendant's statements to the CPS caseworker is harmless because, "[i]n light of the totality of the evidence, there is no reasonable possibility that the error affected [County Court's] verdict" (*People v Douglas*, 4 NY3d 777, 779; *see generally People v Lopez*, 16 NY3d 375, 386-387; *People v Doll*, 98 AD3d 356, 367).  Finally, the sentence is not unduly harsh or severe.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court