# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1072**
**KA 11-00577**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEYON T. ROBERTS, DEFENDANT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered March 4, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction because his motion to dismiss was not specifically directed at the ground advanced on appeal (*see People v Gray*, 86 NY2d 10, 19; *People v Ange*, 37 AD3d 1143, 1144, *lv denied* 9 NY3d 839). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We note in particular that the jury's credibility determinations are entitled to great deference " 'because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record' " (*see Ange*, 37 AD3d at 1144, quoting *People v Lane*, 7 NY3d 888, 890).

We reject defendant's further contention that he did not receive effective assistance of counsel. Rather, we conclude that "the defense reflect[ed] a reasonable and legitimate strategy under the circumstances and evidence presented," and thus it did "not fall to the level of ineffective assistance" (*People v Benevento*, 91 NY2d 708, 712-713; *see generally People v Baldi*, 54 NY2d 137, 147).

Finally, we reject defendant's contention that County Court erred in adjudicating him a persistent violent felony offender pursuant to

CPL 400.16.  Prior to his conviction herein for a class C violent felony offense (*see* CPL 70.02 [1] [b]), defendant was convicted of two violent felony offenses, i.e., attempted robbery in the first degree in 1998 and attempted burglary in the first degree in 2002.  Defendant is precluded from challenging the constitutionality of the 1998 conviction because he failed to challenge the constitutionality of that conviction in the 2002 proceedings (*see People v Wilson*, 231 AD2d 912, 913, *lv denied* 89 NY2d 868).  We have examined defendant's remaining contention and conclude that it lacks merit.


                                        Frances E. Cafarell


Entered:  November 8, 2013
                                        Clerk of the Court