# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**3**
**KA 12-01682**
PRESENT: SMITH, J.P, PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

THOMAS B. SIMCOE, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

THOMAS B. SIMCOE, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Niagara County Court (Sara S. Farkas, J.), dated August 8, 2012. The order denied defendant's motion pursuant to CPL 440.10 to vacate a judgment of conviction.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum:  Defendant was convicted following a nonjury trial of, inter alia, attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]).  The charges arose from defendant's savage beating of his wife and his stabbing of a police officer who responded to the scene.  After we affirmed the judgment (*People v Simcoe*, 75 AD3d 1107, *lv denied* 15 NY3d 924), defendant moved pro se to vacate the judgment pursuant to CPL 440.10 on the ground that he was deprived of effective assistance of counsel.  County Court denied the motion without a hearing, and we now affirm once again.

In support of his motion, defendant contended that his attorney was ineffective because he gave him inadequate advice regarding plea bargaining.  More specifically, defendant complained that defense counsel never advised him that his maximum exposure if convicted after trial was an indeterminate term of imprisonment of 55 years to life, underestimated the strength of the People's case by stating that defendant would never be convicted of attempting to murder the police officer, and did not tell defendant that he "would" be sentenced consecutively if convicted at trial.  According to defendant, he would have accepted the People's plea offer, which included a proposed

aggregate determinate term of 20 years plus a period of postrelease supervision.

"A postjudgment motion brought pursuant to [CPL 440.10] will not necessitate a hearing in every instance, and it is the trial court's prerogative to make the preliminary determination of whether such a hearing is necessary" (*People v Snyder*, 91 AD3d 1206, 1214, *lv denied* 19 NY3d 968, *cert denied* ___ US ___, 133 S Ct 791).  Here, for reasons stated in the court's decision, we conclude that the court did not abuse its discretion in denying defendant's motion without a hearing (*see generally People v Blackman*, 90 AD3d 1304, 1311-1312, *lv denied* 19 NY3d 971).  "Notably, the Judge who determined the motion was the same Judge who presided at the trial" (*People v Morehouse*, 5 AD3d 925, 926, *lv denied* 3 NY3d 644).  We also note that defendant does not allege that any of counsel's advice was legally incorrect, e.g., he does not allege that his attorney told him that the consecutive sentences *could not* be imposed.  Instead, defendant merely alleges, in sum and substance, that his attorney had an overly optimistic outlook on the case.  We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation to defendant at the plea bargaining stage (*see generally People v Baldi*, 54 NY2d 137, 147).

We have reviewed the contentions advanced by defendant in his pro se supplemental brief and conclude that they lack merit.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court