People v Mosher (2024 NY Slip Op 05161)

People v Mosher

2024 NY Slip Op 05161

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

CR-23-0595
[*1]The People of the State of New York, Respondent,
v
Patrick E. Mosher, Appellant.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Sandra M. Colatosti, Albany, for appellant.
Kirk O. Martin, District Attorney, Owego (Cheryl Mancini of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Tioga County (Matthew C. Hayden, J.), rendered March 1, 2023, which revoked defendant's probation and imposed a sentence of imprisonment.
In February 2022, defendant pleaded guilty to criminal contempt in the first degree and making terroristic threats in satisfaction of an 11-count indictment and other pending charges. He was sentenced to "time served" on the criminal contempt conviction and five years of probation on the conviction of making terroristic threats. In October 2022, County Court issued a declaration of delinquency, and defendant was charged with violating various conditions of his probation. Following a probation violation hearing, County Court found that the People proved by a preponderance of the evidence that defendant violated numerous conditions of his probation. Based upon the belief that it was prohibited from continuing defendant's probation, County Court revoked defendant's probation and imposed a sentence of 3½ years in prison, to be followed by 1½ years of postrelease supervision. Defendant appeals.
Although County Court was correct that it could not impose a sentence on defendant, who had pleaded guilty to a class D felony, consisting of a term of incarceration exceeding six months and at the same time a five-year period of probation (see Penal Law § 60.01 [2] [d]; People v McClure, 26 AD3d 674, 674-675 [3d Dept 2006]), we agree with defendant that this was not the situation before County Court at the time of sentencing. Rather, defendant had been originally sentenced on two offenses, the first being "time served" on his guilty plea to criminal contempt in the first degree. Even though defendant remained in custody for a period of time longer than six months, a colloquial sentence of "time served" still operates as a six-month sentence (see People v Aleman, 119 AD3d 1319, 1319 [3d Dept 2014], lv denied 24 NY3d 1042 [2014]; People v Cortese, 79 AD3d 1281, 1284 [3d Dept 2010], lv denied 16 NY3d 857 [2011]; People v Marinaccio, 297 AD2d 754, 755 [2d Dept 2002], lv denied 99 NY2d 560 [2002]). Since defendant was also originally sentenced to five years of probation on the second charge, upon the determination that defendant had violated his probation, County Court was not prohibited from continuing defendant's probation as long as it did not impose an additional term of incarceration (compare People v Gauthier, 73 AD3d 1229, 1230 [3d Dept 2010]). Accordingly, given that the record reveals that County Court had, over the span of several appearances, expressly contemplated continuing defendant's probation but ultimately erred in concluding that it was not legally permitted to do so despite it being an option (see CPL 410.70 [5]; Penal Law § 60.10 [2] [d]), we vacate the sentence imposed and remand for resentencing.
Clark, J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the [*2]County Court of Tioga County for resentencing; and, as so modified, affirmed.