[860 NE2d 61, 826 NYS2d 599]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY LANE, Appellant.

Argued October 18, 2006; decided November 21, 2006

### APPEARANCES OF COUNSEL

*Office of the Appellate Defender*, New York City (*Richard M. Greenberg* of counsel), and *Sullivan & Worcester LLP* (*Mary Cecilia Sweeney* of counsel) for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Tracy L. Conn* and *Susan Gliner* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant failed to preserve his challenge to the sufficiency of the evidence supporting the conviction. At the close of the People's case, defendant moved to dismiss on the ground that the evidence did not establish a prima facie case of grand larceny in the fourth degree. The trial court promptly denied that motion. After defendant presented his own evidence, he did not renew his earlier argument. Consequently, whether the trial evidence was sufficient to support each element of the crime is not a question of law that this Court may review (*see e.g. People v Payne*, 3 NY3d 266, 273 [2004]; *People v Hines*, 97 NY2d 56, 61 [2001]).

Defendant next contends that the trial court's evidentiary ruling violated his constitutional rights to a fair trial and to present a defense. While defendant was testifying, defense counsel sought to elicit defendant's alleged refusal to cash additional checks at the behest of a codefendant. Since defendant did not raise these constitutional claims in the trial court, they are unpreserved for our review (*cf. People v Lee*, 96 NY2d 157, 163 [2001]; *People v Kello*, 96 NY2d 740, 743 [2001]). Nor can it be said that the trial court abused its discretion as a matter of law by precluding the proposed testimony. The court advised defense counsel that it wanted

to "see how the questioning goes" and determine whether a foundation could be established for the inquiry; the court did not indicate that the evidence was irrelevant or inadmissible. On these facts, it cannot be said that the court's only reasonable course of action was to allow the proposed testimony to be admitted at the time it was offered.

■ Also unpersuasive is defendant's claim that the Appellate Division's reliance on *People v Gaimari* (176 NY 84 [1903]) indicates that the Court utilized an erroneous rule of law in rejecting his contention that the verdict was against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 645-646 [2006] [decided today]). In fact, the Appellate Division also cited *People v Bleakley* (69 NY2d 490 [1987]) and thereby clearly indicated that defendant had received the appellate scrutiny to which he was entitled (*see Romero*, 7 NY3d at 646). Moreover, although defendant was convicted following a bench trial, the appropriate standard for evaluating a weight of the evidence argument on appeal is the same regardless of whether the finder of fact was a judge or a jury (*see Bleakley*, 69 NY2d at 495 [if "the trier of fact has failed to give the evidence the weight it should be accorded, then the appellate court may set aside the verdict"]) because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed in a memorandum.