■ The People of the State of New York, Respondent, v Bledar Haxhia, Appellant. [915 NYS2d 557]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered February 23, 2009, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a determinate term of 20 years, unanimously affirmed.

After considering the notes it received alleging belligerent conduct and extreme tension during jury deliberations, the court properly exercised its discretion in denying defendant's application for individual inquiries of the jurors and in determining that supplemental instructions, as well as a break from deliberations, would be sufficient (*see e.g. People v Gathers*, 10 AD3d 537 [2004], *lv denied* 3 NY3d 740 [2004]; *People v Cabrera*, 305 AD2d 263 [2003], *lv denied* 100 NY2d 560 [2003]; *People v Sampson*, 201 AD2d 314 [1994], *lv denied* 83 NY2d 971 [1994]; *compare People v Lavender*, 117 AD2d 253 [1986], *appeal dismissed* 68 NY2d 995 [1986] [court obligated to inquire into threats of physical violence]). Although the notes contained language from particular jurors asserting their inability to deliberate fairly or continue serving, it was clear from the notes and their context that the jury's actual difficulty was heated, verbally abusive and exhaustive deliberations. Accordingly, the notes did not provide any indication that any juror had become grossly unqualified or had engaged in substantial misconduct within the meaning of CPL 270.35 (1). Following the court's actions, the problems appeared to resolve themselves, and there is no reason to believe that the ultimate unanimous verdict, confirmed by polling, was the result of coercion.

The evidentiary rulings challenged by defendant were proper exercises of the court's discretion over the admissibility of evidence (*see generally People v Aska*, 91 NY2d 979, 981 [1998]), and over the sanctions, if any, to be imposed for belated disclosure (*see* CPL 240.70 [1]; *People v Jenkins*, 98 NY2d 280 [2002]). In any event, any error in these rulings was harmless in light of the overwhelming eyewitness and forensic evidence that disproved defendant's justification defense.

With regard to these evidentiary rulings, as well as the court's handling of the jury notes, defendant only raised state law issues, and he did not alert the court to his present constitutional arguments. Accordingly, the constitutional aspect of each of these claims is unpreserved (*see e.g. People v Lane*, 7 NY3d 888, 889 [2006]; *People v Angelo*, 88 NY2d 217, 222 [1996]; *People v*

*Gonzalez,* 54 NY2d 729 [1981]), and we decline to review those arguments in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ.