■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO RODRIGUEZ, Appellant. [983 NYS2d 717]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered January 20, 2012, as amended January 31, 2012 and February 21, 2012, convicting defendant, after a jury trial, of four counts of grand larceny in the fourth degree and three counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established that defendant went through the pockets of the sleeping victim and passed something to the codefendant. Upon their immediate arrest, defendant was in possession of the victim's cell phone, and the codefendant was in possession of the victim's wallet.

Since defendant agreed to the court's proposed remedies for certain difficulties arising during deliberations, defendant's contention that the court should have conducted individual juror inquiries is unpreserved and waived (see People v Zayas, 89 AD3d 610 [1st Dept 2011], lv denied 18 NY3d 964 [2012]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. After the court learned that one juror had complained that another juror was exerting undue pressure over the deliberations, and the jury subsequently reported that it was deadlocked, the court delivered thorough and proper supplemental instructions addressing these matters (see People v Ford, 78 NY2d 878 [1991]). Although the jury reached a verdict within an hour of the supplemental instructions, there is no indication that the unanimous verdict, confirmed by polling, resulted from any juror misconduct or a desire to avoid returning to court the next day (see People v Marshall, 106 AD3d 1, 10 [1st Dept 2013], lv denied

21 NY3d 1006 [2013]; *People v Haxhia*, 81 AD3d 414 [1st Dept 2011], *lv denied* 17 NY3d 796 [2011], *cert denied* 565 US —, 132 S Ct 1539 [2012]), and there was nothing to warrant a sua sponte inquiry. Concur—Friedman, J.P., Sweeny, Andrias, Gische and Clark, JJ.