*Haxhia v. Lee*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                           *Chief Judge*,
               DENNIS JACOBS,
               RICHARD C. WESLEY,
                           *Circuit Judges.*

_____

BLEDAR HAXHIA,

                           *Plaintiff-Appellee*,

                 v.                                                                   No. 15-759

WILLIAM LEE, Superintendent, Green Haven Correctional
Facility, and ERIC T. SCHNEIDERMAN, New York State
Attorney General,

                           *Defendants-Appellants*.

_____

For Plaintiff-Appellee:         SAMUEL M. BRAVERMAN, Fasulo Braverman & Di Maggio,
                                             LLP, Bronx, NY.

For Defendant-Appellants:    JUSTIN J. BRAUN (Joseph N. Ferdenzi and Nancy D. Killian, *on
                                             the brief*), Assistant District Attorneys, *for* Robert T. Johnson,
                                             District Attorney for Bronx County, Bronx, NY.

1

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **REVERSED**.

Defendants-appellants William Lee and Eric T. Schneiderman appeal the decision of the United States District Court for the Southern District of New York (Wood, *J.*) granting plaintiff-appellee Bledar Haxhia's petition for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

Haxhia was tried on charges of murder in the second degree, manslaughter in the first degree, and criminal possession of a weapon in the second degree, following an altercation with another individual, Besnik Qelia, that resulted in Haxhia shooting and killing Qelia. The jury convicted Haxhia of manslaughter in the first degree.

Haxhia appealed the conviction to the Appellate Division of the New York State Supreme Court, arguing that the trial court violated his rights under New York Criminal Procedure Law Article 270.35 and under the federal and New York state constitutions. The Appellate Division found that the court's handling of the jury notes was within its discretion and did not violate Article 270.35. *People v. Haxhia* (*Haxhia I*), 915 N.Y.S.2d 557, 557–58 (App. Div. 2011). With respect to the constitutional claims, the court held that the "defendant only raised state law issues, and he did not alert the court to his present constitutional arguments." *Id.* at 558. Known as the "contemporaneous objection rule," New York case law and criminal procedure law require a party to state the grounds for an objection to a ruling or instruction at the time the objection is made or at a subsequent time during which the court still has the

2

opportunity to change the ruling or instruction. *See* N.Y. Crim. Proc. Law § 470.05(2); *People v. Lane*, 860 N.E.2d 61, 62 (N.Y. 2006). Accordingly, because Haxhia did not state that his objections were based on the Constitution, the Appellate Division found that the "constitutional aspect of each of [Haxhia's] claims [was] unpreserved." *Haxhia I*, 915 N.Y.S.2d at 558.

Haxhia filed a petition for a writ of habeas corpus in February 2013, arguing, in relevant part, that he was denied a fair trial under the Sixth Amendment because of the trial court's failure to investigate potential issues of juror prejudice raised in juror notes.[1] The district court found that the trial court's conduct was contrary to *Smith v. Phillips*, which requires that a trial court "determine the effect of [prejudicial] occurrences when they happen." 455 U.S. 209, 217 (1982). The district court granted Haxhia's petition. *Haxhia v. Lee* (*Haxhia II*), 90 F. Supp. 3d 163, 175 (S.D.N.Y. 2015). We review a district court's ruling on a petition for a writ of habeas corpus de novo. *English v. Artuz*, 164 F.3d 105, 108 (2d Cir. 1998).

The district court determined that because the trial court was or should have been on notice of the constitutional nature of Haxhia's juror partiality claim, the Appellate Division's application of the contemporaneous objection rule in this instance served no legitimate governmental interest. Accordingly, in the district court's view, the rule was not adequate to support the judgment and does not bar our review of Haxhia's claim. *See Beard v. Kindler*, 558 U.S. 53, 55 (2009). Assuming without deciding that we agree with the district court on that point, we would nonetheless reverse on the merits.

Because we are not hearing this case on direct appeal, but rather on appeal of a petition for a writ of habeas corpus, our review is limited. We may not grant Haxhia's petition, unless, as

---

[1] Haxhia also argued in his petition that his Sixth Amendment right to a fair trial was violated by certain evidentiary rulings made by the trial court. Those rulings were not at issue on this appeal, however, because the District Court ruled that Haxhia's evidentiary claims were barred from federal review and his time to cross-appeal that decision has lapsed.

relevant here, the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "To be 'contrary to' clearly established law, a state court must reach a conclusion of law antithetical to a conclusion of law by the Supreme Court, or decide a case differently than the Supreme Court has when the two cases have 'materially indistinguishable facts.'" *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) (O'Connor, J., concurring)). Furthermore, the state court determination precludes habeas relief "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)). For this purpose, clearly established law "includes only the holdings, as opposed to the dicta, of th[e] [Supreme] Court's decisions." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)). It is not enough that the circumstances of a case are "similar to" those at issue in the relevant Supreme Court case—they must involve the same specific question. *Id.* at 1377.

The district court found that the trial court's response to the juror notes was contrary to clearly established Supreme Court precedent, namely, *Smith*, which held:

> Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and *to determine the effect of such occurrences when they happen.* Such determinations may properly be made at a hearing like that ordered in *Remmer* [*v. United States*, 347 U.S. 227, 230 (1954)] and held in this case.

455 U.S. at 217 (emphasis added). We respectfully disagree with the able district court. First, the facts of *Smith* are distinguishable from those at hand in this case. There, the trial court was presented with an allegation of juror bias against the defendant. *See id*. at 212–13. Here, the issue was whether a juror would be able to perform her duty in an impartial manner following a

4

racially charged altercation with another juror that gave no indication of bias towards the defendant.[2] Second, even if the facts here were analogous to those in *Smith*, *Smith* does not *require* a court to hold a hearing to investigate prejudicial occurrences, and it does not specify what actions short of a hearing may be appropriate under a different set of circumstances. It is possible that the trial court's response to Haxhia's objections was a sufficient "determination" under *Smith*. *See Tracey v. Palmateer*, 341 F.3d 1037, 1044 (9th Cir. 2003) ("*Remmer* and *Smith* do not stand for the proposition that *any time* evidence of juror bias comes to light, due process requires the trial court to question the jurors alleged to have bias. *Smith* states that this 'may' be the proper course, and that a hearing 'is sufficient' to satisfy due process. *Smith* leaves open the door as to whether a hearing is always required and what else may be 'sufficient' to alleviate any due process concerns." (citation omitted) (quoting *Smith*, 455 U.S. at 217)).

We have considered Haxhia's remaining arguments and find that they lack merit. For the reasons given, we **REVERSE** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] We do not consider whether, on direct appeal, *Smith*'s reasoning might apply to a potentially prejudicial occurrence involving a juror's bias without regard to whether the juror was biased against the defendant.

5