The People of the State of New York, Respondent,
against
Glynda Beauzyl, Appellant.




New York City Legal Aid Society (Ellen Dille, Esq.), for appellant.
Kings County District Attorney (Leonard Joblove, Amy Appelbaum, Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Gilbert C. Hong, J.), rendered July 1, 2013. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated (per se) and driving while intoxicated (common law).




ORDERED that the judgment of conviction is affirmed.
On August 20, 2010, the People charged defendant, in an information, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), and driving while impaired (Vehicle and Traffic Law § 1192 [1]). At a jury trial, two officers testified that, when they had responded, pursuant to a 5:00 a.m. radio report, to the scene of an accident at the intersection of Humboldt Street and Moore Street in Kings County, they had observed a stalled automobile with front-end damage and a liquid trail leading back to a parked vehicle that had sustained rear-end damage. Defendant, one of two persons standing near the stalled vehicle, stated that she was the driver and offered what was subsequently determined to be a false account of how her vehicle had come to a stop in the middle of the intersection. Defendant, who exhibited bloodshot eyes, the odor of an alcoholic beverage on her breath, and a somewhat disheveled appearance, admitted that she had earlier consumed two shots of "Hennessey." Defendant was arrested, and an Intoxilyzer test [*2]revealed that she had a blood alcohol content of .16 of one per centum by weight. Following the trial, defendant was convicted of driving while intoxicated (per se) and driving while intoxicated (common law).
Defendant appeals, arguing that the convictions were against the weight of the evidence because the sole proof of the element of operation was her uncorroborated admission (see CPL 60.50), and because the testimony of two police witnesses as to that admission cannot be credited in light of the testimony of a defense witness, a passenger in defendant's vehicle, that another occupant of the vehicle, who had departed the scene before the police arrived, had been the driver.
The purpose of the corroboration rule is to "avoid the possibility that a crime may be confessed when, in fact, no crime has been committed" (People v Booden, 69 NY2d 185, 187 [1987]). Noting that corroboration of an admission or confession need not be required "in every detail," only that there be "some proof, of whatever weight," that the offense charged has in fact been committed by someone (id., internal quotations marks and citation omitted), the Court of Appeals observed that "[t]he necessary additional evidence may be found in the presence of defendant at the scene of the crime, his guilty appearance afterward, or other circumstances supporting an inference of guilt" (id.). In Booden, the Court found the corroboration rule satisfied for a conviction of driving while impaired, as operation was established by proof that
"the vehicle owned by defendant's father was found in a ditch, facing in the wrong direction of travel; the pavement of the highway was dry, negativing suggestions of an accidental skid; defendant and his companions were standing next to the vehicle when the investigating officer arrived and, when defendant and his companions were asked who had been driving the vehicle, defendant volunteered to answer the question and produced his identification, indicating by his conduct that he was the driver. The officer noticed that defendant exhibited outward signs of intoxication and his breath smelled of alcohol. The circumstances of the accident may have been capable of innocent explanation, but they nonetheless supported an inference that a crime had been committed because the vehicle had been driven by a person under the influence of alcohol. Defendant's admission was the key' that explained those circumstances and established defendant's connection to the criminal act" (id. at 187-188).
Similarly, in this case, defendant was encountered standing next to the vehicle that had been involved in an accident with a parked car, defendant freely acknowledged that she was the vehicle's owner and driver, and she exhibited "outward signs of intoxication" (see e.g. People v Youmans, 34 Misc 3d 143[A], 2012 NY Slip Op 50098[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
In the exercise of our factual review authority (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we must accord great deference to the jury's opportunity to view the witnesses, hear their testimony, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Here, as against the evidence of two police witnesses, whose testimonies were "coherent, internally and collectively consistent, and generally credible" (People v Broomfield, 55 Misc 3d 137[A], 2017 NY Slip Op 50506[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), that defendant admitted she was the driver of the vehicle, there was counterposed only the assertions of a defense witness, a passenger [*3]in defendant's vehicle, who testified that a third person, who had departed the scene shortly after the accident, was the actual driver. We conclude that the jury properly rejected this testimony, given that the witness's account of the incident repeated defendant's patently false representations to the police of how the automobile had come to a stop in the middle of the intersection and contradicted defendant's own narrative of her whereabouts prior to the accident. Accordingly, the judgment of conviction is affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 01, 2017