■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALVARADO, Appellant. [67 NYS3d 17]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 21, 2004, convicting defendant, after a jury trial, of course of sexual conduct against a child in the first and second degrees and two counts of endangering the welfare of a child, and sentencing him to an aggregate term of 20 years, unanimously affirmed.

The court providently exercised its discretion in denying defendant's recusal motion (see People v Moreno, 70 NY2d 403, 405 [1987]). In any event, regardless of whether it would have been the better practice for the court to have granted the motion, we find no basis for reversal. There is no indication that the court was actually biased against defense counsel as the result of a past incident, or that denial of the recusal motion deprived defendant of a fair trial.

The court also providently exercised its discretion in admitting evidence of defendant's uncharged sexual abuse of his sister, which employed a similar, distinctive modus operandi as his alleged sexual misconduct towards the victims, who were two of his daughters. The probative value of the evidence outweighed the danger of prejudice, which was minimized by the court's limiting instructions. Because of the distinctiveness of the modus operandi, the uncharged crimes were admissible on the contested issue of identity, notwithstanding that the defense claim was not mistaken identity, but of "intentionally

false" identification (*People v Agina*, 18 NY3d 600, 603 [2012]). Furthermore, under the particular circumstances here, where the People also showed that defendant's conduct with his sister and daughters not only sought sexual gratification from the sexual abuse, but reflected a motive to sexually "initiate" his younger female relatives, this evidence was also admissible as evidence of motive.

The court also providently exercised its discretion in precluding defendant's girlfriend from testifying that one of the victims told her that she had witnessed another relative engage in sexual misconduct with the other victim. Regardless of whether the proffered testimony would have been admissible under the rules of evidence, its probative value was outweighed by the risk of prejudice or jury confusion (*see People v Primo*, 96 NY2d 351, 355-357 [2001]). The proffered testimony did not support a defense of third-party culpability, because it did not link the other relative to any crimes with which defendant was charged, and it was too remote and speculative to have any exculpatory value (*see People v Gamble*, 18 NY3d 386, 398-399 [2012]). We also conclude that the court's ruling did not undermine its above-discussed ruling on uncharged crimes evidence. Finally, since defendant never asserted a constitutional right to introduce this evidence, his constitutional claim is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The challenged portions of the prosecutor's summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Concur—Gische, J.P., Webber, Oing, Singh and Moulton, JJ.