The People of the State of New York, Respondent,
against
Darren Devaul, Appellant.




Jaghab, Jaghab & Jaghab, P.C. (Matthew Fleischer of counsel), for appellant.
Suffolk County Traffic Prosecutor's Office, (Justin W. Smiloff of counsel), for respondent.

Appeal from two judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (John F. Reilly, J.H.O.), rendered September 15, 2016. The judgments convicted defendant, after a nonjury trial, of operating a motor vehicle without a safety belt and using a portable electronic device while operating a motor vehicle, respectively.




ORDERED that so much of the appeal as is from the judgment convicting defendant of operating a motor vehicle without a safety belt is dismissed as abandoned; and it is further,
ORDERED that the judgment convicting defendant of using a portable electronic device while operating a motor vehicle is affirmed.
Defendant was charged in a simplified traffic information with operating a motor vehicle without a safety belt (Vehicle and Traffic Law § 1229-c [3]) and, in a separate simplified traffic information, with using a portable electronic device while operating a motor vehicle (Vehicle and Traffic Law § 1225-d [1]). Following a nonjury trial, in which both a state trooper and defendant testified, the District Court found defendant guilty of both charges.
In his brief on appeal, defendant limits his claims of error to the judgment convicting him of violating Vehicle and Traffic Law § 1225-d (1). Consequently, as defendant raises no issue with respect to the judgment convicting him of violating Vehicle and Traffic Law § 1229-c (3), so much of the appeal as is from that judgment is dismissed as abandoned (see People v [*2]Bankupally, 51 Misc 3d 144[A], 2016 NY Slip Op 50710[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
As to the remaining judgment of conviction, defendant failed to preserve for appellate review his claim of legal insufficiency of the evidence by not moving for dismissal on that ground in the District Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491—492 [2008]; People v Gray, 86 NY2d 10, 19-20 [1995]), and we decline to review it in the interest of justice. However, upon a defendant's request, this court must conduct a weight of the evidence review and, thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Joyner, 126 AD3d 1002 [2015]). When determining whether a verdict was against the weight of the evidence, the court must weigh the relative probative forces of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Nonetheless, great deference is accorded to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see Mateo, 2 NY3d at 410; Bleakley, 69 NY2d at 495). If it appears that the trier of fact has given the evidence the weight it should be accorded, then the verdict should not be disturbed (see CPL 470.15 [5]; Danielson, 9 NY3d 342). "Necessarily, in conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt" (Danielson, 9 NY3d at 349). 
Insofar as is relevant to this appeal, Vehicle and Traffic Law § 1225-d (1) provides that "no person shall operate a motor vehicle while using any portable electronic device while such vehicle is in motion." Additionally, "[a] person who holds a portable electronic device in a conspicuous manner while operating a motor vehicle . . . is presumed to be using such device . . . [and t]he presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not using the device within the meaning of this section" (Vehicle and Traffic Law § 1225-d [4]). Here, the trooper's testimony gave rise to a presumption that defendant had been using a portable electronic device while operating a motor vehicle which was in motion. Pursuant to Vehicle and Traffic Law § 1225-d (4), the burden then shifted to defendant to rebut that presumption by demonstrating that he had not been using this device within the meaning of the statute. Whether defendant sufficiently rebutted the presumption is, in essence, a credibility determination (see People v Lane, 7 NY3d 888, 890 [2006]; Romero, 7 NY3d at 644-645), and, here, the court found the trooper's testimony to be "very credible" and defendant's explanation, pertaining to what he was doing with the portable electronic device at the time the trooper had observed him, to be "less than credible and somewhat contrived." Upon an independent review of the record, we find no basis to overturn the court's credibility determination. Consequently, we are satisfied that the verdict convicting defendant of violating Vehicle and Traffic Law § 1225-d (1) was not against the weight of the evidence (see People v Agbimson, 51 Misc 3d 150[A], 2016 NY Slip Op 50842[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Accordingly, so much of the appeal as is from the judgment convicting defendant of operating a motor vehicle without a safety belt is dismissed as abandoned and the judgment convicting defendant of using a portable electronic device while operating a motor vehicle is [*3]affirmed.
MARANO, P.J., GARGUILO and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2018