The People of the State of New York, Respondent,
against
Ralphi Rosario, Appellant.




Appellate Advocates (Anna Kou of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Merri Turk Lasky of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (John F. Zoll, J.), rendered November 12, 2014. The judgment, after a nonjury trial, convicted defendant of unlawful solicitation of ground transportation services at an airport, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, defendant was charged with unlawful solicitation of ground transportation services at an airport (Vehicle and Traffic Law § 1220-b) and, after a nonjury trial, he was found guilty of the charge. On appeal, defendant argues that the evidence was legally insufficient to demonstrate that he was soliciting ground transportation services or that he was not authorized to do so, and that the verdict was against the weight of the evidence. 
At the trial, a Port Authority police officer testified that she had observed defendant speaking to several individuals who were waiting on line for a yellow medallion taxi, using language like, "taxi, does anybody need a taxi, are you going to Manhattan?" She testified that, when she asked defendant what he was doing, he apologized and said he was leaving. She also testified that a review of official police records revealed that defendant had received a prior trespass warning, which was admitted into evidence through the testimony of a second Port Authority police officer. We find that this evidence was legally sufficient to demonstrate that defendant was soliciting ground transportation services. Moreover, we find that the evidence was legally sufficient to establish that defendant was not authorized to solicit ground transportation services but note, in light of the People's argument that they established this [*2]element of the offense, that we do not decide whether it was an element that the People were required to establish (see People v Hilario,57 Misc 3d 139[A], 2017 NY Slip Op 51317[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017], lv denied, 30 NY3d 1019 [2017]). Thus, the trial evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of unlawful solicitation of ground transportation services at an airport (cf. People v Hilario,57 Misc 3d 139[A], 2017 NY Slip Op 51317[U]). 
Furthermore, upon exercising our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the Criminal Court's credibility determinations (see People v Lane, 7 NY3d 888, 890 [2006]; People v Romero, 7 NY3d 633, 644 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the weight of the evidence (see People v Martin, 52 Misc 3d 140[A], 2016 NY Slip Op 51166[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Celifie, 47 Misc 3d 133[A], 2015 NY Slip Op 50466[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 22, 2019