The People of the State of New York, Respondent,
against
Thomas Cason, Appellant. 




Thomas Cason, appellant pro se.
Nassau County Attorney's Office (Jackie L. Gross of counsel), for respondent.

Appeal from two judgments of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (John P. O'Shea, J.H.O.), rendered August 23, 2018. The judgments, after a nonjury trial, convicted defendant of operating an improperly registered vehicle and operating a motor vehicle on a public highway with improper plates, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
Defendant was charged in six simplified traffic informations with operating an improperly registered vehicle (Vehicle and Traffic Law § 401 [1] [b]), operating a motor vehicle on a public highway with improper plates (Vehicle and Traffic Law § 402 [4]), operating an uninsured motor vehicle (Vehicle and Traffic Law § 319 [1]), registering/operating a motor vehicle without an approved safety belt (Vehicle and Traffic Law § 383 [1]), registering a motor vehicle without an approved safety belt assembly anchorage (Vehicle and Traffic Law § 383 [2]), and operating an auto truck without suitable seats securely attached to the body of such auto truck (Vehicle and Traffic Law § 1222 [1] [a]), respectively. Prior to trial, at the People's request, the court dismissed the charge of operating an uninsured motor vehicle, since defendant had presented proof of insurance. Following a nonjury trial, defendant was convicted of operating an improperly registered vehicle and operating a motor vehicle on a public highway with improper plates, and acquitted of the three [*2]remaining charges.
To the extent that defendant's contention on appeal is that the evidence was legally insufficient to establish his guilt, defendant failed to preserve this claim of legal insufficiency for appellate review by not moving for dismissal on this ground in the District Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10, 19—20 [1995]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]). However, to the extent that defendant's contention is that the verdicts of guilt were against the weight of the evidence, this contention needs no preservation (see People v Danielson, 9 NY3d 342 [2007]). Upon a review of the record, while according great deference to the District Court's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are of the opinion that the verdicts should not be disturbed, as the trial court gave the evidence the weight it should be accorded (see CPL 470.15 [5]; Danielson, 9 NY3d 342). Consequently, we find that the verdicts of guilt were not against the weight of the evidence.
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 6, 2020