People v Powell (2020 NY Slip Op 51128(U))

[*1]

People v Powell (Marva)

2020 NY Slip Op 51128(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2017-1127 K CR

The People of the State of New York,
Respondent, 
against
Marva Powell, Appellant. 

Appellate Advocates (Martin B. Sawyer of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Diane R. Eisner and Abed Z. Bhuyan of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Dineen A. Riviezzo, J.), rendered April 26, 2017. The judgment, after a nonjury trial, convicted
defendant of attempted assault in the third degree and harassment in the second degree, and
imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, during which it was established that defendant and the
complaining witness each hit or slapped the other, defendant was convicted of attempted assault
in the third degree (Penal Law §§ 110.00, 120.00 [1]) and harassment in the second
degree (Penal Law § 240.26 [1]).
Defendant argues that the trial evidence demonstrates that the complaining witness slapped
defendant first, and that therefore defendant's conduct was justified. As defendant gave a
different account of the events from that presented by the People's witnesses, defendant correctly
notes that the issue presented was primarily one of credibility. Upon the exercise of our factual
review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349
[2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear
their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7
NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]). We find that, even though the court refused to charge
itself at the close of the People's case with the defense of justification, the People disproved
defendant's justification defense beyond a reasonable doubt (see Penal Law §§
25.00 [1]; 35.00). Consequently, the verdict convicting defendant of attempted assault in the
third degree and harassment in the second degree was not against the weight of the evidence
(see People v Romero, 7 NY3d 633, 643-646 [2006]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020