People v Zarghani (2020 NY Slip Op 51556(U))

[*1]

People v Zarghani (Arman)

2020 NY Slip Op 51556(U) [70 Misc 3d 132(A)]

Decided on December 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2018-2092 S CR

The People of the State of New York,
Respondent,
against
Arman Zarghani, Appellant. 

The Matera Law Firm (Michaelangelo Matera of counsel), for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Lewis A. Silverman, J.H.O.), rendered July 12, 2018. Each judgment
convicted defendant, after a nonjury trial, of speeding, and imposed sentence.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged with making an unsafe lane change (Vehicle and Traffic Law §
1128 [a]) and, in two separate simplified traffic informations, with speeding (Vehicle and Traffic
Law § 1180 [b]). After a nonjury trial, defendant was acquitted of the charge of making an
unsafe lane change and found guilty of both speeding charges.
Defendant's contention regarding the legal sufficiency of the evidence is unpreserved for
appellate review since he failed to raise the issue at trial (see CPL 470.05 [2]; People
v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001];
People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most
favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging
in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437
[1985]), we find that it was legally sufficient to establish defendant's guilt of both speeding
charges beyond a reasonable doubt. Furthermore, upon the exercise of this court's factual review
power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]),
while according great deference to the factfinder's opportunity to view the witnesses, hear their
testimony, observe their demeanor, and assess their credibility (see People v Lane, 7
NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the
verdicts convicting defendant of both speeding charges were not against the weight of the
evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
We have reviewed defendant's remaining contentions and find them to be without merit.
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 24, 2020