People v Atson (2021 NY Slip Op 50296(U))

[*1]

People v Atson (Justin)

2021 NY Slip Op 50296(U) [71 Misc 3d 130(A)]

Decided on April 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-1078 K CR

The People of the State of New York,
Respondent,
against
Justin Atson, Appellant. 

Appellate Advocates (Dina Zloczower of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Amy Appelbaum and Andrew S. Ayala of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael A. Gary, J.), rendered May 1, 2018. The judgment convicted defendant, after a nonjury
trial, of public lewdness, exposure of a person and attempted endangering the welfare of a child,
and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was convicted, following a nonjury trial, of public lewdness (Penal Law §
245.00 [a]), exposure of a person (Penal Law § 245.01), and attempted endangering the
welfare of a child (Penal Law §§ 110.00, 260.10 [1]).
Defendant's contention that the evidence was legally insufficient to establish his guilt of
attempted endangering the welfare of a child beyond a reasonable doubt is unpreserved for
appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492
[2008]). In any event, viewing the evidence in the light most favorable to the People (see
People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish
defendant's guilt, beyond a reasonable doubt, of attempted endangering the welfare of a
child.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of
the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we
accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony,
and observe [*2]their demeanor (see People v Lane, 7
NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 409 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we are satisfied that the
verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633
[2006]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 9, 2021