People v Jordan (2021 NY Slip Op 51195(U))

[*1]

People v Jordan (Camillo)

2021 NY Slip Op 51195(U) [73 Misc 3d 141(A)]

Decided on December 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-463 N CR

The People of the State of New York,
Respondent,
against
Camillo Jordan, Appellant. 

Chad J. LaVeglia, for appellant.
Nassau County District Attorney (Andrea M. DiGregorio and Madeline Collins of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Andrew M.
Engel, J.), rendered February 7, 2020. The judgment convicted defendant, upon a jury verdict, of
driving while ability impaired, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
In separate simplified traffic informations, defendant was charged with driving while
intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), operating a motor vehicle
without insurance (Vehicle and Traffic Law § 319 [1]), speeding (Vehicle and Traffic Law
§ 1180 [b]), and making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]).
Following a jury trial, defendant was found guilty of driving while ability impaired (Vehicle and
Traffic Law § 1192 [1]), which charge had been submitted as a lesser included offense of
driving while intoxicated. The jury found defendant not guilty of the other charges.
Turning first to defendant's contention that the verdict was against the weight of the
evidence, we "must, like the trier of fact below, weigh the relative probative force of conflicting
testimony and the relative strength of conflicting inferences that may be drawn from the
testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks
omitted]). Upon the exercise of our factual review power (see CPL 470.15 [5]; People
v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of
fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess
their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2
NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d at 495), we find that the verdict was
not against the weight of the evidence [*2](see People v
Romero, 7 NY3d 633 [2006]).
Defendant claims that the model jury instruction that the trial court followed to charge
driving while ability impaired as a lesser included offense of driving while intoxicated (common
law) is improper because it does not instruct the jury that it cannot consider punishment or the
court's opinion in its deliberations. Defendant's contention is unpreserved for appellate review, as
defendant failed to object to the charge (see CPL 470.05 [2]). In any event, it is well
settled that in evaluating a challenged jury instruction, the charge must be viewed as a whole
against the background of the evidence produced at the trial (see People v Walker, 26
NY3d 170, 174-175 [2015]; People v Medina, 18 NY3d 98, 104 [2011]; People v
Umali, 10 NY3d 417, 426-427 [2008]). The jury charge given here, read as a whole,
conveyed the proper principles of law to the jury.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2021