People v Charles (2021 NY Slip Op 51252(U))

[*1]

People v Charles (Hilton)

2021 NY Slip Op 51252(U) [73 Misc 3d 146(A)]

Decided on December 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2018-2231 K CR

The People of the State of New York,
Respondent,
against
Hilton Charles, Appellant. 

Appellate Advocates (Anna Jouravleva of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Denise Pavlides and Nicole Leibow of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael A. Gary, J.), rendered October 3, 2018. The judgment convicted defendant, after a
nonjury trial, of driving while ability impaired, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
After a nonjury trial, defendant was convicted of driving while ability impaired (Vehicle and
Traffic Law § 1192 [1]) based upon evidence demonstrating that defendant rear-ended a
parked car; that defendant was asleep in the driver's seat of his vehicle, sitting upright behind the
wheel; that the engine was running, the gear shift was in drive, and defendant's foot was on the
brake; that defendant had red, bloodshot eyes, and an odor of alcohol on his breath; that
defendant's speech was "a little slurred" and his movements were "a little bit slow;" and that
defendant admitted that he had consumed alcohol.
Contrary to defendant's contention, the recording of a call to the 911 emergency number
placed by an eyewitness to the accident was properly admitted. The caller's statements
constituted a present sense impression exception to the hearsay rule and were not testimonial in
nature but made for the primary purpose of reporting an emergency in order to summon the
police. Consequently, there was no violation of defendant's rights under the Confrontation Clause
of the Sixth Amendment to the United States Constitution (see generally Crawford v
Washington, 541 US 36, 56 [2004]; People v Nieves-Andino, 9 NY3d 12 [2007]; People v [*2]Thomas, 187 AD3d 949, 950 [2020]; People v
DeLoney, 39 Misc 3d 134[A], 2013 NY Slip Op 50536[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2013]).
Viewing the evidence in the light most favorable to the prosecution (see People v
Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to
establish defendant's guilt of driving while ability impaired (Vehicle and Traffic Law §
1192 [1]) beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an
independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342
[2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear
their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v
Mateo, 2 NY3d 383, 409 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]).
Upon a review of the record, we are satisfied that the guilty verdict was not against the weight of
the evidence (see People v Romero,
7 NY3d 633 [2006]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2021