People v Woodley (2022 NY Slip Op 02237)

People v Woodley

2022 NY Slip Op 02237

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 

Ind No. 4998/16 Appeal No. 15066 Case No. 2018-04024 

[*1]The People of the State of New York, Respondent,
v
Macliff Woodley, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rachel Bond of counsel) for respondent.

Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered June 13, 2018, as amended October 29, 2018, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of nine years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The defense of justification was disproved beyond a reasonable doubt by evidence, properly credited by the jury, that defendant was the first to use or threaten any kind of force, and also that defendant unjustifiably escalated the altercation by using deadly physical force against the unarmed victim. Evidence that defendant stabbed the victim in his chest and near his neck supported inferences that defendant intended to seriously injure the victim, and that he came dangerously close to doing so, notwithstanding that the victim's wounds were not serious. In addition, witnesses heard defendant express homicidal intent before any physical contact occurred (see People v Perry, 161 AD3d 692 [1st Dept 2018], lv denied 31 NY3d 1151 [2018]). The record does not support defendant's claim that the knife he used was too small to cause serious injury.
After reviewing the relevant information, the court providently exercised its discretion in imposing reasonable limits on defendant's cross-examination of the victim regarding his psychiatric history (see People v McCray, 23 NY3d 193, 198-201 [2014]; People v Gissendanner, 48 NY2d 543, 550 [1979]). The court had an extensive telephone discussion with the victim's current psychiatric provider, and then reviewed the victim's recent psychiatric records in camera. Contrary to defendant's assertion, there is no reason to believe that ordering older records from a previous provider would have added anything. There was no indication of any serious mental health problems, or anything relevant to the victim's credibility or defendant's justification defense. In any event, defense counsel was permitted to inquire into such matters as the victim's anxiety and panic attacks, as well as any side effects from his use of Xanax. To the extent that defendant is raising a constitutional claim, that claim is unpreserved (see People v Lane, 7 NY3d 888, 889 [2006]; see also Duncan v Henry, 513 US 364, 366 [1995]) and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).
We perceive no basis for reducing defendant's sentence.
M-2022-00462 People v Macliff Woodley The Decision and Order of this Court entered herein on
January 13, 2022 is hereby recalled and vacated
(see M-2022-00462 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022