People v Key

2026 NY Slip Op 02075

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Omar Key, Appellant.

Decided and Entered: April 07, 2026

Ind. No. 0893/20|Appeal No. 6288|Case No. Case No. 2024-00268|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Jonathan L. Gold of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Jeffrey M. Zimmerman, J.), rendered December 7, 2023, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of fifteen years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). Although there was no surveillance footage capturing the actual stabbing, footage from before and after the event amply established defendant's guilt.

Defendant has not preserved his claim that the court's preclusion of evidence that would have supported a third-party culpability defense deprived him of his constitutional right to present a defense (see People v Lane, 7 NY3d 888, 889 [2006]). We decline to review his claims in the interest of justice. As an alternative holding, we reject his claims on the merits.

In an interview with the victim's sister after the stabbing, she informed the police that on the night of the stabbing, an unknown knocked on her door and said that "Bronx Deuce" killed her brother. It was later learned that the nickname belonged to the victim's best friend, who was seen on footage pulling the bleeding victim away from the fight. Defendant offered the victim's sister's testimony to support his claim that there had been a "rush to judgment" by the police. The court properly instructed the jury that the testimony was to be considered only to understand what the police did with the information and not for its truth. Given the lack of knowledge of the identity of the declarant or the source of the declarant's information, the statement lacked any indicia of reliability.

The court providently exercised its discretion in precluding footage of the victim's best friend appearing distraught after the victim's death and of the best friend's interview with the police in which he claimed he was intoxicated and did not remember what had happened that night. The videos were not relevant, and if admitted, would have confused and misled the jury (see People v Primo, 96 NY2d 351, 356-357 [2001]).

[*2]

The court providently exercised its discretion in permitting a detective to testify, while viewing the surveillance video, that he saw a knife in defendant's hand but not in anyone else's hand, to explain why he focused on defendant as the perpetrator. Where defendant, in extensive pretrial discussions, sought to introduce evidence of a "rush to judgment" by the police in arresting defendant and not investigating the victim's friend or others as suspects, it was reasonable to allow the detective to outline the course of the investigation (see generally, People v Ludwig, 24 NY3d 221, 231 [2014]). Further, the court instructed the jury as to the limited purpose for which the testimony was admitted and stressed that the jury was to make the "ultimate factual determination" of what defendant did and what he was holding. Thus, any error in admitting that testimony was harmless (see People v Crimmins, 36 NY2d 230 [1975]; People v Coleman, 78 AD3d 457, 458-459 [1st Dept 2010], lv denied 16 NY3d 829 [2011]).

We perceive no basis for reducing the sentence.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026